# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARCUS SYKES, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12-cv-727-LJM-TAB |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

## Entry Discussing Motion for Relief Pursuant to
## 28 U.S.C. § 2255 and Denying Certificate of Appealability

For the reasons discussed in this Entry, the motion of Marcus Sykes for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue.

## I. Background

On June 18, 2008, the Grand Jury sitting in the Southern District of Indiana handed down an Indictment charging Sykes with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On June 27, 2008, Sykes filed a Petition to Enter a Plea of Guilty. That petition was submitted to the Court without a plea agreement having been reached between Sykes and the United States.

Under the Armed Career Criminal Act ("ACCA"), any person convicted of being a felon in possession of a firearm who has "three previous convictions ... for a violent felony ... committed on occasions different from one another" is subject to a mandatory minimum prison term of fifteen years. 18 U.S.C. § 924(e)(1). Because Sykes had three prior violent felony convictions, his statutory minimum sentence was fifteen years imprisonment. Sykes' three violent felony convictions include the following: one fleeing law enforcement conviction and

two robbery convictions (both of which stem from a crime spree that occurred on November 27, 1995).

On October 8, 2008, this Court determined that the appropriate sentencing guideline range was 188 to 235 months imprisonment. Sykes was then sentenced to a term of 188 months imprisonment and five years of supervised release.

On direct appeal, Sykes argued that his fleeing law enforcement conviction should not count as a violent felony for purposes of the ACCA. His argument was ultimately rejected by the Supreme Court. *See Sykes v. United States*, 131 S.Ct. 2267 (2011).

## II. Discussion

Sykes now seeks relief pursuant to 28 U.S.C. § 2255. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner challenges his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation omitted).

Sykes claims that he is entitled to relief under § 2255 because his counsel failed to provide effective assistance as guaranteed by the Sixth Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to

assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

Sykes specifies two grounds in support of his ineffective assistance of counsel claim. First, Sykes asserts that his trial counsel was ineffective at the sentencing proceeding by failing to argue that his two robbery convictions were related and count only as one offense for purposes of the ACCA. Second, Sykes alleges that his counsel failed to negotiate a plea agreement with a more favorable sentence than the sentence he received. For the reasons explained below, Sykes' specifications of ineffective assistance of counsel are without merit and his petition must be denied.

*Armed Career Criminal Act*

As previously mentioned, the ACCA subjects any person convicted of being a felon in possession of a firearm who has "three previous convictions ... for a violent felony[1] ...

---

[1] The ACCA defines a "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that ... (i) has as an element the use, attempted use, or threatened use of physical force against the person

committed on occasions different from one another" to a mandatory minimum prison term of fifteen years. 18 U.S.C. § 924(e)(1). To determine whether the felonies were committed on different occasions, the operative test analyzes whether the crimes were committed sequentially or simultaneously. *United States v. Hudspeth*, 42 F.3d 1015, 1021 (7th Cir. 1994) (en banc) (defendant committed three separate violent felonies under the ACCA when he broke into three separate businesses located in a strip mall within thirty-five minutes).

Sykes argues that his trial counsel was ineffective for failing to argue that his two robbery convictions (both committed on November 27, 1995, and used as predicates for determining his armed career criminal status) should not have been counted as separate offenses.[2]

Sykes is correct that his experienced defense counsel conceded that Sykes' two prior robbery convictions were unrelated (and thus each counted) for purposes of the ACCA's sentence enhancement provisions. Sykes is incorrect, however, in asserting that this concession reflects his counsel's deficient performance.

"Under § 924(e)(1), the government must establish that a defendant has three prior violent felony convictions." *Kirkland v. United States*, 687 F.3d 878, 888 (7th Cir. 2012). "Certified record of conviction or a [Presentence Investigation Report], if not challenged, will normally satisfy this requirement." *Id.* The Presentence Investigation Report in Sykes' case demonstrated the existence of three prior violent felony convictions, and Sykes' former counsel relieved the government of proving that ACCA enhancement requisite by acknowledging that the two prior robbery convictions were ACCA predicates. Sykes' former counsel stated that "[a]s far

---

> of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

[2] Sykes states specifically that he is not arguing error in the calculation of the sentencing guidelines, only in the application of the ACCA. Dkt. 13 at p. 1. Sykes was sentenced at the bottom of the guideline range.

as the Armed Career Criminal Act - the application of the Armed Career Criminal Act, he [Sykes] has two prior robberies that were committed within moments of each other back when he was 18. We acknowledge that those serve as predicates for the ACCA." Sent. Trans., dkt. 38, p. 4, l. 15-19.

Sykes speculates that, had his counsel not conceded the applicability of Sykes' prior robbery convictions for purposes of the ACCA, the United States could not have proved the two prior robbery convictions were unrelated. Sykes offers nothing to support his speculation. Sykes offers no evidence that the felonies did not occur sequentially. Nor, is there any evidence that Sykes' counsel failed to investigate the robbery convictions. Sykes' unsubstantiated and conclusory statements are insufficient as grounds for a petitioner to carry his burden of persuasion in support of an ineffective assistance of counsel claim. *See United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005).

In addition, to the extent Sykes argues that the records the United States would have necessarily relied on to prove that his robbery convictions were separate occurrences are inadmissible, that argument is also rejected. At the time of Sykes' sentencing on October 8, 2008, Seventh Circuit case law held that it was appropriate to rely to a significant extent on police reports regarding the felonies at issue. *See Hudspeth*, 42 F.3d at 1018 & n. 3 (relying on police reports regarding the burglaries at issue to determine that they were separate)(decided October 28, 1994). That holding was not specifically abrogated until July 24, 2012, when the Seventh Circuit stated that the portion of *Hudspeth* permitting the consideration of police reports for the different occasion inquiry is no longer good law. *Kirkland v. United States,* 687 F.3d 878, 887 (7th Cir. 2012). Instead, a district court may consider only facts disclosed in charging documents, plea agreements, findings of fact resulting from a bench trial, and other materials that

the Supreme Court described as "conclusive records made or used in adjudicating guilt" in determining whether the felonies were committed on different occasions. *Shepard v. United States*, 544 U.S. 13, 21 (2005); *Kirkland*, 687 F.3d at 888-890; *United States v. Elliott*, 703 F.3d 378, 382 (7th Cir. 2012).

The probable cause affidavit relating to Sykes' two prior robbery convictions reflects that the two robberies involved different victims and occurred at different locations approximately a half hour apart. See dkt. 15-4. This affidavit could have been properly considered by this Court at the time of Sykes' sentencing. Thus, even if Sykes' counsel had objected to counting the robbery convictions separately, that objection would have been overruled. Sykes' counsel is not ineffective for failing to assert arguments that are certain to fail and the "Sixth Amendment does not require counsel to forecast changes or advances in the law." *Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001). "A failure [of a lawyer] to anticipate shifts in legal doctrine cannot be condemned as objectively deficient." *Knox v. United States*, 400 F.3d 519, 522 (7th Cir. 2005).

Finally, Sykes claims that he was entitled to a jury determination regarding the application of the ACCA. He argues that this Court improperly found facts that increased his statutory minimum and maximum sentence without Sykes admitting to such facts or having a jury prove such facts beyond a reasonable doubt. Dkt. 13 at fn. 1. But there is no right to a jury finding on this issue. The Supreme Court in *Almendarez–Torres* held that a defendant's recidivism is not an element of the offense which must be found by a jury beyond a reasonable doubt, but rather is a sentencing factor that may be found by the sentencing judge, even when recidivism increases the statutory maximum penalty to which the defendant is exposed. *See Almendarez–Torres v. United States*, 523 U.S. 224 (1998); *see also United States v. Thornton*,

463 F.3d 693, 699–700 (7th Cir. 2006) (rejecting the claim "that the jury was required to pass on the existence of all qualifying convictions" under the ACCA). *Almendarez–Torres* has remained good law. *Elliott*, 703 F.3d at 381. Thus, there was no error in this Court's determination that Sykes committed the burglaries on occasions different from one another.

*Plea Negotiations*

Sykes' second specification of ineffective assistance of counsel relates to the negotiation of a plea agreement. Sykes' argument is hard to follow and inconsistent with the record. For example, Sykes claims that his attorney did not inform him of the ACCA when advising him to plead guilty, but instead suggested a more favorable sentence. See dkt. 16 at p. 2. But, the transcript of the plea hearing suggests that Sykes was informed of and understood the possible sentences he faced. Sykes stated that he understood that "in the case of a person who violates 18 United States Code Section 922(g) and has three previous convictions for a violent felony or a serious drug offense or both, committed on occasions different from one another, that that person is subject to a term of imprisonment of not less than 15 years, a fine of up to $250,000 and a five-year term of supervised release." Plea Hr'g Trans., dkt. 37, p. 6. Sykes specifically stated that he understood that the Government will argue that he has the necessary three prior convictions and that Sykes' defense will argue against this this enhancement. *Id.* Sykes acknowledged these same facts in his petition to enter a plea of guilty. Dkt. 20. Thus, any claim that Sykes was unaware of his potential sentence is frivolous.

Sykes also suggests that he received "a sentence higher than what could have been received with the signing of a stipulated plea." Dkt. 1 at p. 15. However, there is no evidence that the government would have offered a plea deal that Sykes would have accepted or that any plea offer included a sentence lower than that which Sykes received. *United States v. Zendeli*, 180

F.3d 879, 886 (7th Cir. 1999) ("The terms of plea bargains are within the discretion of the United States Attorney."). Even now, Sykes contends that the he does not have the three prior convictions for a violent felony or a serious drug offense or both, committed on occasions different from one another.

In addition, based on the legal landscape present at the time Sykes pled guilty there is no basis upon which to conclude that Sykes' counsel was ineffective in arguing that Sykes' fleeing law enforcement conviction should not count as a violent felony for purposes of the ACCA. To the contrary, this issue was ultimately considered and resolved by the Supreme Court. *See Sykes v. United States*, 131 S.Ct. 2267 (2011).

### III. Conclusion

For the reasons explained above, Sykes has failed to demonstrate a constitutional violation warranting collateral relief. The docket and transcripts in this action show conclusively that Sykes is not entitled to the relief he seeks. Sykes' counsel was competent at every stage of the proceedings. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:08-cr-95-LJM-KPF-1.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Sykes has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its

procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 08/14/2014

*[signature: Larry J. McKinney]*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARCUS SYKES
08910-028
GREENVILLE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
GREENVILLE, IL 62246

All Electronically Registered Counsel

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution. Specifically, this Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:08-cr-95-LJM-KPF-1.**